ORDERED.

Dated: April 19, 2018

*Cynthia C. Jackson*
Cynthia C. Jackson
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:                                                                      Case No.: 6:15-bk-10319
                                                                            Chapter 7
LORI ANN GLOVER

Debtors_____/

**ORDER GRANTING TRUSTEE'S MOTION TO SELL REAL PROPERTY
FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS**
(10711 Leader Ln)

THIS CASE came before the court on April 10, 2018 to consider Chapter 7 Trustee, Arvind Mahendru's ("Trustee") *Motion to Sell Real Property Free and Clear of Liens, Encumbrances and Interests* (the "Motion") (Dkt. No. 69). The Court considered the pleadings and the position of the parties. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property located at:

Lot 31, Fieldstream West Phase 1according to the plat thereof as recorded in Plat Book 45, pages 80 to 83 in the public records of Orange County, Florida (the "Property").

4. The Trustee is authorized to pay the secured mortgage creditor, Suntrust Mortgage, ("Secured Creditor") the amount of their lien as of the date of closing.

5. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtors in the Real Property to Hoi Van Nguyen, Hieu Van Nguyen, and Hong Thanh Yen Nguyen (the "Buyer").

6. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtors and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

1. Lori Ann Glover, name on deed
2. Suntrust Mortgage

7. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

8. The Buyers have not assumed any liabilities of the Debtors.

9. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

Total Sales/Brokers Commission:
2% to BK Global $4,000.00
4% to Century 21 $8,000.00*
*commission is anticipated to be shared with cooperating agent
Title Charges: $2,335.00
Government recording / transfer charges: $1400.00
Other / Debits (i*ncl. 506(c) surcharge*) $878.49

HOA lien:       $7,644.85
Satisfaction of Liens:
Suntrust Mortgage (home mortgage) $172,971.03
Suntrust (junior lien)                    $3,000.00

       Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the lienholder, Secured Creditor.

       11.     The Trustee is authorized to pay the real estate agent's fees in the total amount of $12,000.00 or 6% of the gross sale price from the proposed sale of the property.

       12.     Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

       13.     Buyers are approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

       14.     This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

       15.     The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

       16.     The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be

effective and enforceable immediately upon entry.

Arvind Mahendru, Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.